UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEVON ARCHIE (#439157)

VERSUS                                                CIVIL ACTION

TERRY TERRELL, ET AL                                  NUMBER 13-271-BAJ-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, May 3, 2013.

                                            *[signature]*
                                             STEPHEN C. RIEDLINGER
                                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEVON ARCHIE (#439157)

VERSUS                                                    CIVIL ACTION

TERRY TERRELL, ET AL                                      NUMBER 13-271-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Stevon Archie.

For the reasons which follow, the Petition should be dismissed as untimely.

### I. Background

Petitioner was charged with possession of cocaine in the Twentieth Judicial District Court for East Feliciana Parish, Louisiana. On April 23, 2001, the petitioner entered a plea of nolo contendere and was sentenced to a five-year term of imprisonment. Petitioner did not appeal his conviction and sentence.[1]

---

[1] A court may take judicial notice of the record in prior related proceedings. *Missionary Baptist Foundation of America, Inc. v. Wilson*, 712 F.2d 206 (5th Cir. 1983). The court hereby takes judicial notice of the record in *Stevon Archie v. Terry Terrell, et al*, CV 11-821-BAJ-SCR.
The record in CV 11-821 shows that on August 23, 2006, the
(continued...)

Petitioner filed an application for post-conviction relief ("PCRA") on May 14, 2012.[2] Petitioner asserted that his conviction must be set aside because the substance alleged to be in his possession was never analyzed to determine whether it was a controlled dangerous substance as defined by state law.  The trial court denied the PCRA on June 11, 2012.

On June 11 and August 24, 2012, the petitioner sought review in the Louisiana First Circuit Court of Appeal.  The Louisiana First Circuit Court of Appeal denied review.  Petitioner sought review by the Louisiana Supreme Court, which denied review

---

[1](...continued)
petitioner was found guilty of one count forcible rape in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana.  Petitioner was adjudicated a habitual offender and on January 12, 2007 was sentenced to 26 years imprisonment at hard labor.
    The record in CV 11-821 also shows that the date of the offense was August 1, 2004.  Thus, sometime after April 23, 2001 (the date he was sentenced for the possession cocaine conviction challenged in this case) and before August 1, 2004 (the date of the offense challenged in CV 11-821) the petitioner was paroled, or released as if on parole based on earned good time, or was otherwise no longer in custody before completing his five-year sentence for possession of cocaine.  Therefore, the court concludes that the petitioner is now serving his 26-year habitual offender sentence and will thereafter serve the remainder of his five-year possession of cocaine sentence.  Also, prison officials confirmed that the petitioner has not completed serving the sentence on his possession of cocaine conviction.  Therefore, this Magistrate Judge's Report assumes that the petitioner is "in custody" for the purpose of challenging his possession of cocaine conviction under § 2254.

[2] For purpose of this Magistrate Judge's Report, the court has relied upon the state court procedural history and dates alleged in the Petition.

specifically relying on La.C.Cr.P. art. 930.8.  *State ex rel. Stevon Archie v. State of Louisiana*, 2012-0627 (La. 9/12/12), 98 So.3d 301; *State ex rel. Stevon Archie v. State of Louisiana*, 2012-0291 (La. 1/25/13), 105 So.3d 66.

Petitioner signed his federal habeas corpus application on April 22, 2013, and it was filed on April 29, 2013.

No evidentiary hearing is required.

## II. Applicable Law and Analysis

### A. Timeliness

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus.  The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection.  A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d

146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998). A court must look to state law to determine whether a state habeas application conforms to the state's procedural filing requirements. *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009).

A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). An application ceases to be "pending" within the meaning of § 2244(d)(2) when the petitioner fails to timely file an application for supervisory review at the next level. *Id*. at 407. A state court's subsequent decision to allow review may toll the time relating directly to the application, but it does not change the fact that the application was not pending prior to the application. *Id*. After the period for appeal or seeking discretionary review has lapsed, an application ceases to be pending, but a subsequent properly filed application entitles the petitioner to additional tolling beginning at the time of the "proper" filing. *Id*.

Petitioner's conviction became final on May 23, 2001.[3] By the

---

[3] For the purpose of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2003) ("[A] conviction becomes final at the conclusion of direct review or when the time for such review has expired, as specified by AEDPA, regardless of when state law says (continued...)

4

time the petitioner filed his PCRA on May 14, 2012, the time for filing a federal habeas corpus petition had already expired. Petitioner's federal habeas corpus Petition was not timely filed.

Petitioner's federal habeas corpus Petition, filed almost **11 years** after the one-year limitations period had expired, is untimely unless the petitioner establishes that there was a state-created impediment to timely filing a habeas corpus petition or that equitable tolling applies.

To establish a state-created impediment, "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). That is,

---

[3](...continued)
finality occurs."). Normally that time expires 90 days after the state court of last resort enters its judgment. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). But when the defendant concludes his state-court direct appeal before it reaches the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. This federal rule applies even where state law provides that finality occurs on a different date. *Compare* La. Code Crim. Proc. art. 922(B) (providing that the court of appeal's judgment becomes final under Louisiana law fourteen days after the rendition of judgment in all cases in which an application for a writ of review is not filed with the Louisiana Supreme Court), *and* La. Sup. Ct. R. X, § (5)(a) ("An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...."), *with Roberts*, 319 F.3d at 693 n. 15 (noting that the judgment of an intermediate court of appeals is not final under Texas law until the mandate has issued), *and id.* at 694-95 (rejecting the argument that the mandate-issuance date should determine finality under AEDPA).

the petitioner must show that the delay actually prevented him from filing a § 2254 petition. *See id.* at 436-37. Petitioner did not allege a state-created impediment nor has he shown that there was any such impediment.

Nor is there any basis in the record for equitable tolling. The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000). The doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005).

Ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling. *Tate v.*

6

*Parker*, 439 Fed.Appx. 375 **1 (5th Cir. 2011); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th cir. 2000). Claims of actual innocence do not "justify equitable tolling of the limitations period." *Cousin v. Lensing*, 310 F.3d 843, 849 (2002), *cert. denied* 539 U.S. 918, 123 S.Ct. 2277 (2003); *see also U.S. v. Riggs*, 314 F.3d 796, 800 n. 9 (5th Cir. 2002). The one-year limitations period established by 28 U.S.C. § 2244(d) contains no exemption for a petitioner claiming actual innocence of the crime for which he was convicted. *Cousin*, 310 F.3d at 849.

A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, May 3, 2013.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE