UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEVON ARCHIE (#439157)

VERSUS                                                          CIVIL ACTION

TERRY TERRELL, ET AL.                        NO.: 3:13-cv-00271-BAJ-SCR

ORDER

Before the Court is Petitioner's **PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (Doc. 1).** The Magistrate Judge has issued a **REPORT (Doc. 4)** recommending "that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d)," (*id.* at p. 7), because it was not filed within one-year of Petitioner's Louisiana conviction for possession of cocaine having become final, and because Petitioner did not otherwise show "that there was a state-created impediment to timely filing a habeas corpus petition or that equitable tolling applies." (*See id.* at pp. 4–7). Petitioner filed timely objections to the Magistrate Judge's Report. (Doc. 5).

The Court agrees with the Magistrate Judge's finding that Petitioner did not file his federal habeas petition within one-year of the date when his cocaine conviction became final, as required for a habeas petition to be timely

under 28 U.S.C. § 2244(d)(1)(A). However, that is not the end of the inquiry. First, AEDPA's statute of limitations may run from a later date—specifically, November 26, 2011, the date that Petitioner claims he discovered evidence proving that "he is actually innocent of the offense charged by the East Feliciana Parish District Attorney's Office," (Doc. 1-1 at p. 4–5). *See* 28 U.S.C. § 2244(d)(1)(D) ("The limitation period shall run from the latest of . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."); *Starns v. Andrews*, 524 F.3d 612, 617–21 (5th Cir. 2008). Further, the U.S. Supreme Court has recently held "that actual innocence, if proved, serves as a gateway through which a petitioner may pass [when] the impediment is . . . expiration of the statute of limitations," even in the face of "unjustifiable delay on a habeas petitioner's part." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013); *see also id.* ("Our opinion clarifies that a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.").

The Magistrate Judge's Report does not address whether Petitioner's Petition is timely under § 2244(d)(1)(D), nor whether Petitioner otherwise

2

Case 3:13-cv-00271-BAJ-SCR   Document 7   11/15/13   Page 2 of 3

escapes AEDPA's statute of limitations under the Supreme Court's analysis in *McQuiggin*.

Accordingly,

**IT IS ORDERED** that Petitioner's § 2254 Petition is **REFERRED BACK** to the Magistrate Judge for further analysis in light of 28 U.S.C. § 2244(d)(1)(D) and *McQuiggin v. Perkins*. The Magistrate Judge shall issue a supplemental report addressing the matters identified by the Court within 60 days.

Baton Rouge, Louisiana, this 14th day of November, 2013.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**