UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


STEVON ARCHIE (#439157)

VERSUS                                              CIVIL ACTION

TERRY TERRELL, ET AL                                NUMBER 13-271-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 18, 2013.

                                                         STEPHEN C. RIEDLINGER
                                                         UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEVON ARCHIE (#439157)

VERSUS                                                CIVIL ACTION

TERRY TERRELL, ET AL                                  NUMBER 13-271-BAJ-SCR

**SUPPLEMENTAL MAGISTRATE JUDGE'S REPORT**

Stevon Archie filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on April 29, 2013.[1] The undersigned issued a Magistrate Judge's Report on May 3, 2013, recommending that the petition be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).[2]  Petitioner filed an objection on May 22, 2013.[3]  On May 28, 2013 the Supreme Court issued its opinion in *McQuiggin v. Perkins*, ____ U.S. ____, 133 S.Ct. 1924 (2013). On November 15, 2013, the district judge referred the petition back to the undersigned for further analysis in light of *McQuiggin* and to consider the petitioner's argument that his petition is timely because on November 26, 2011 "he

---

[1] Record document number 1.

[2] Record document number 4.

[3] Record document number 5.  Petitioner explained in his objection that he is challenging the 2001 conviction, which is the subject of this petition, because it was used in 2006 as the basis for an habitual offender sentence imposed after another conviction. *Id.* at 2.

discovered evidence proving that 'he is actually innocent of the offense charged by the East Feliciana Parish District Attorney's Office.'"[4]

## I. Background

Petitioner was charged with possession of cocaine in the Twentieth Judicial District Court for East Feliciana Parish, Louisiana. On April 23, 2001, the petitioner entered a plea of nolo contendere and was sentenced to a five-year term of imprisonment.[5] Petitioner did not appeal his conviction and sentence.

Petitioner filed an application for post-conviction relief ("PCRA") in the state court on May 14, 2012.[6] Petitioner asserted that his conviction must be set aside because the substance alleged to be in his possession was never analyzed to determine whether it was a controlled dangerous substance as defined by state law. The trial court denied the PCRA on June 11, 2012.

---

[4] Record document number 7, Order, citing record document number 1-1. The language quoted in the Order appears on page 12 of the document, which is page 8 of the petitioner's Memorandum in Support of Peti[ti]on for Habeas Corpus Relief Pursuant to Title 28 United States Code Section 2254.

[5] According to the petitioner's second habeas corpus petition, CV 13-374-SDD-SCR, filed June 12, 2013, all but six months of the sentence was suspended and he was placed on probation for five years. *Id.* at record document number 1-1, p. 3.

[6] For the purpose of the original Magistrate Judge's Report and this Supplemental Magistrate Judge's Report, the court has relied upon the state court procedural history and the dates alleged in the petition.

On June 11 and August 24, 2012, the petitioner sought review in the Louisiana First Circuit Court of Appeal.  The Louisiana First Circuit Court of Appeal denied review.  Petitioner sought review by the Louisiana Supreme Court, which denied review specifically relying on La.C.Cr.P. art. 930.8.  *State ex rel. Stevon Archie v. State of Louisiana*, 2012-0627 (La. 9/12/12), 98 So.3d 301; *State ex rel. Stevon Archie v. State of Louisiana*, 2012-0291 (La. 1/25/13), 105 So.3d 66.

Petitioner signed his federal habeas corpus application on April 22, 2013, and it was filed on April 29, 2013.  Petitioner asserted a single ground for relief: he is actually innocent of the of the charge for which he was convicted.

## II. Applicable Law and Analysis

In his Order the district judge agreed that the petition is untimely when calculated from the date the petitioner's possession of cocaine conviction became final.  Citing the petitioner's supporting memorandum, the district judge questioned whether the Antiterrorism and Effective Death Penalty Act ("AEDPA") one year statue of limitations may run from a later date – "specifically, November 26, 2011, the date that Petitioner claims he discovered evidence proving the 'he is actually innocent of the offense charged by the East Feliciana Parish District Attorney's Office.'"[7]

---

[7] Record document number 7, p. 2, quoting record document
(continued...)

**A. Actual Innocence**

The fatal flaw in the petitioner's argument is that being "actually innocent" of the charged offense is not a cognizable habeas corpus claim. "Actual innocence" is not a free-standing ground for habeas corpus relief. *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006) ("[A]ctual-innocence is *not* an independently cognizable federal-habeas claim."); *Dowthitt v. Johnson*, 230 F.3d 733, 741-42 (5th Cir. 2000), *cert. denied*, 532 U.S. 915, 121 S.Ct. 1250 (2001); *see also Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003). "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 40, 113 S.Ct. 853, 862 (1993)(citing *Townsend v. Said*, 372 U.S. 293, 317, 83 S.Ct. 745, 759 (1963)). The Supreme Court reaffirmed in *McQuiggin*, 133 S.Ct. at 1931, that it has not resolved whether a prisoner may be entitled to habeas corpus relief based on a freestanding claim of actual innocence.

Accepting that the petitioner is asserting a claim of actual innocence of the underlying substantive offense of possession of cocaine, the stand-alone actual innocence claim is not a cognizable

---

[7](...continued)
number 1-1.

federal habeas claim. This determination is not affected by when the petitioner claims to have discovered the alleged supporting evidence. Petitioner's failure to assert a claim cognizable in a habeas corpus action is sufficient to deny relief.

**B. Timeliness**

Under 28 U.S.C. § 2244(d) a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file a petition for a writ of habeas corpus. The limitation period runs from the latest of four dates. Given the petitioner's argument, the latest applicable date is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[8]

Petitioner has not shown that he could not have discovered the factual basis for his actual innocence claim before the AEDPA one year time limit expired. As noted below, the state court Order upon which the petitioner relies was signed on April 23, 2001 – the date the petitioner entered his plea, was filed in the state court criminal case record the same day, and indicates it was served on the petitioner's attorney of record by mail. It was there for the petitioner to discover any time after April 23, 2001.

The limitations period under § 2244(d)(1)(D) begins when the factual predicate of a claim **could have been discovered** using due

---

[8] 28 U.S.C. § 2244(d)(1)(D).

5

diligence, **not** when it was actually discovered.  *Manning v. Epps*, 688 F.3d 177, 189 (5th Cir. 2012); *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004).  Due diligence means the petitioner must show some good reason why he was unable to discover the facts at an earlier date.  *Melson v. Allen*, 548 F.3d 993, 999 (11th Cir. 2008), *vacated on other grounds*, ___ U.S. ___, 130 S.Ct. 3491 (2010).  Merely alleging that he did not actually know the facts underlying his claim does not pass the test.  *Id.*  Instead, the inquiry focuses on whether a reasonable investigation would have uncovered the facts the petitioner alleges are newly discovered.  *Id.*

There is simply no evidence that the petitioner did anything in his criminal case to discover the Order.  In fact, he discovered it only by happenstance while pursuing state court relief from another conviction.  In these circumstances, the AEDPA limitation period runs from the date the petitioner's conviction became final, May 23, 2001.  Therefore, the petition is untimely.

### C. *McQuiggin*

In *McQuiggin* the Supreme Court resolved a circuit split by holding that a habeas petitioner can overcome the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations by making a convincing showing of actual innocence. *McQuiggin*, 133 S.Ct. at 1928 (referencing 28 U.S.C. § 2244(d)(1)).

*McQuiggin* held that a petitioner attempting to overcome the expiration of the AEDPA statute of limitations by showing actual innocence is required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." 133 S.Ct. at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851 (1995)). *McQuiggin* held that unjustifiable delay on the part of a habeas petitioner, while not to be viewed as "an absolute barrier to relief," should still be considered as a "factor in determining whether actual innocence has been reliably shown." *Id*.

To open the gateway to federal habeas review a petitioner asserting his actual innocence of the substantive offense must: (1) present "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"; (2) "that was not presented at trial"; and (3) must show, that in light of this new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537, 126 S.Ct. 2064, 2077 (2006) *citing Schlup v. Delo*, 513 U.S. 298, 299, 324-29, 115 S.Ct. 851, 854, 865-868 (1995).

The *Schlup* standard "is demanding and permits review only in the 'extraordinary' case." *Id*. at 538, 126 S.Ct. at 2077. In applying the *Schlup* standard, the Fifth Circuit has held that: (1) the petitioner "bears the burden of establishing that it is more

7

likely than not that no reasonable juror would have convicted him in light of the new evidence"; (2) "there is no presumption of innocence at a habeas proceeding" and the petitioner "comes before the habeas court with a strong - and in the vast majority of the cases conclusive - presumption of guilt"; and, (3) the *Schlup* standard "does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir. 2005).

The petition cites as new evidence language in a state court Order signed April 23, 2001, which the petitioner contends supports his actual innocence claim. The relevant part of the Order states as follows:

> On motion of the State of Louisiana, through the undersigned Assistant District Attorney and on suggesting to the Court that the substance which forms the basis of the above prosecution has not, as yet, been analyzed by the State Police Crime Laboratory;
> IT IS ORDERED that the trial of the above captioned matter be and is hereby continued to the 27th day of August, 2001, at 9:00 A.M.[9]

This Order, considered as evidence of actual innocence (although it is not), is far from sufficient to find that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." First, the Order is not new evidence: it was signed on April 23, 2001 – the date the petitioner entered

---

[9] Record document number 1-1, p. 18, Appendix A to the petitioner's supporting memorandum. The date of the state court Order is the same date the petitioner entered his plea.

his plea, was filed in the state court criminal case record the same day, and indicates it was served on the petitioner's attorney of record by mail.  Second, the Order does not state that the substance was not cocaine - it only states that the State Police Crime Laboratory had not yet analyzed it.  Petitioner neither claimed in his petition that the substance was not cocaine nor offered any evidence that it was not cocaine, or that he did not possess it.

These considerations alone are sufficient to conclude that the petitioner has not overcome the expiration of the AEDPA statute of limitations.  Petitioner cites no new evidence which supports finding that he has satisfied the *McQuiggin* standard for showing he is actually innocent of the offense charged. In these circumstances, there is no need to also address whether the delay from the date of the conviction became final to the date this petition was filed – and almost **11 years** after the one-year limitations period had expired – has any effect on whether actual innocence has been reliably shown.

### RECOMMENDATION

For the reasons set forth in the Magistrate Judge's Report issued May 3, 2013, as supplemented herein, it is the recommendation of the magistrate judge that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Stevon Archie be dismissed, with prejudice, (1)

for failure to assert a claim cognizable in a habeas corpus action and (2) as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, November 18, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE